THOMPSON, J.
 

 The husband sued for a separation a mensa et thoro on the ground of cruel treatment of such a nature as to render his living longer with his wife insupportable and that it would be endangering his life to attempt to again live with her.
 

 The defendant denied any cruelty on her part towards her husband, and alleged that her husband without provocation was guilty of inhuman cruelty towards her of such a nature as to render their living together as husband and wife insupportable. She therefore asked for judgment of separation in her favor.
 

 As both parties desire a separation, it is obvious that the prime motive of the wife, in prosecuting this appeal and asking for a judicial separation in her favor, is to obtain a continuance of the alimony which was al-. lowed pendente lite.
 

 The couple were married March 24, 1928. There were no children born of this union. Each of the parties had been married previously, and the husband had two children by his prior marriage, a daughter twelve years of age, and a son ten. The wife had no children of her prior marriage.
 

 The immediate cause of the separation and the basis for this suit is what happened on the night of October 9,1929. The couple, with the husband’s two children, were boarding at Mrs. Zachary’s house in Baton Rouge. According to the husband’s version, on the evening of the day in question he asked his wife to accompany him to a religious revival which was being conducted in the city of Baton Rouge by Gipsy Smith, Jr.
 

 The wife refused to go with her husband, and when he returned to their room about 11 o’clock he found his wife in bed but in an-angry and ill-tempered mood. He went to bed, but she kept up her quarreling and abuse for some time.> Finally the husband went to sleep, but about 3 o’clock in the morning he was suddenly awakened to find his wife with a stick of timber in her hands ready to strike him. As he arose from the bed his wife struck at him but missed him. The second attempt was more successful and>the blow landed on his shoulder. The children ran out of their room and with their father hastily left and went to the house of a neighbor.
 

 The children were thinly clad, cold, and were crying. They were taken back into the house by Mrs. Zachary, and kept the balance of the night. The husband was not permitted by his wife to return to his room and remained around on the street the balance of the night. When the father and children left the house they were followed by the defend
 
 *1036
 
 anf, who continued to abuse her husband and struck him several times on the jaw.
 

 The defendant was arrested and was fined for her part in the difficulty.
 

 The day following the difficulty the plaintiff rented a room for himself and children and went back to his work. He was a laborer at the State University.
 

 The testimony of the plaintiff is corroborated by that of his children and to some extent by the testimony of Mrs. Zachary and her daughter Ida.
 

 The defendant denies the testimony of the plaintiff and says that when her husband came in on the night in question he struck and kicked her and she just took it and said nothing. That when she started into the children’s room her husband grabbed her, pulled her hair, and beat.her, and that the children piffled'her away and asked their father not to hit her. She said that the whole trouble was that her husband had been hanging around another woman and when she asked him about it he grabbed her, pulled her hair, and threw her down at his feet.
 

 Mr. and Mrs. George Evans lived near the place where the disturbance occurred, and they testified in behalf of defendant that they heard the disturbance and it looked to them as if somebody was being whipped. They said they heard the children saying, “Papa please don’t hit her any more.” That Mr. Toney, the plaintiff, came out of the house and said that Mrs. Toney was trying to kill him.
 

 The testimony of Mr. and Mrs. Evans is contradicted by the two children and by Mrs. Zachary. The latter says that after the parties came out of the house Mrs. Toney hit her husband and he said that was hard to take. That was when Mr. Toney was told not to hit her and he refrained from doing so. Mrs. Zachary thought that Mr. Toney would hit his wife after she struck him but that he did not touch her.
 

 It would serve no good purpose to further detail the happenings on that occasion.
 

 The district judge was of the opinion that the preponderance and weight of the testimony was in favor of the plaintiff, and we are of the same opinion.
 

 While the courts generally will not grant a separation on mutual wrongs of like character and degree, nor where there is a single act of abuse and cruel treatment, in this case, however, the evidence shows, as we have stated, the fault was with the defendant exclusively and is of such a character as to make it impossible for the couple to live together.
 

 The judgment is affirmed at the cost of appellant.